IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CLINTON A. MCINTOSH**                                                          **PETITIONER**

**vs.**                                             **CIVIL ACTION NO.:  1:13CV100-MPM-JMV**

**STATE OF MISSISSIPPI, et al.**                                          **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the pro se petition of Clinton McIntosh, Mississippi prisoner no. 19078, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents have moved to dismiss the petition, and Petitioner has responded to Respondents' motion to dismiss. The matter is now ripe for resolution. For the reasons set forth below, Respondents' motion will be granted, and the instant petition will be dismissed as untimely filed under 28 U.S.C. § 2244(d).

**Facts and Procedural Background**

Petitioner was convicted of murder in the Circuit Court of Chickasaw County, Mississippi, and was sentenced on March 19, 1992, to serve a life sentence in the custody of the Mississippi Department of Corrections. (*See* Respt's Mot. to Dismiss, Ex. A). On September 21, 1999, the Mississippi Court of Appeals affirmed his conviction and sentence. (*See id.*, Ex. B; *see also McIntosh v. State*, 749 So.2d 1235 (Miss. Ct. App. 1999) (Cause No. 97-KA-00895-COA). It does not appear that Petitioner sought further review of his conviction and sentence until 2007, when he filed what was construed as a petition for post-conviction relief. The Mississippi Supreme Court dismissed the petition as untimely. (*See, e.g.*, Respt's Mot. to Dismiss, Exs. C and D). Petitioner subsequently filed three motions for rehearing, all of which were dismissed by the Mississippi Supreme Court. (*See, e.g., id.*, Exs. E, F, G, H, and I). The

Petitioner filed the instant petition on or about May 18, 2013.

## Law and Analysis

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which carries a one-year limitations period, governs federal habeas petitions filed after statute's effective date. *See, e.g., Robertson v. Cain*, 324 F.3d 297, 301 (5th Cir. 2003). Petitioner maintains that the one-year statute of limitations is inapplicable to his case, as he was sentenced in 1992, prior to the passage of the AEDPA. However, the AEDPA governs all petitions **filed** after the statute's effective date. *Lindh v. Murphy*, 521 U.S. 320, 324-26 (1997). The AEDPA is applicable to the instant petition.

The issue of whether Respondents' motion should be granted turns on 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

At the outset, the Court finds that the limited exceptions as set forth in § 2444 (d)(1)(B-D) are not implicated in this case. Therefore, the Court considers when Petitioner's judgment "became final" for purpose of the AEDPA. A state judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the time" to seek it. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). When a petitioner fails to seek discretionary review in State court, however, he "stops the appeal process." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). When Petitioner failed to timely a file a petition for rehearing following the September 21, 1999, judgment of the Mississippi Court of Appeals, he stopped the appeal process and was unable to seek further direct review of his conviction and sentence by way of a petition for writ of certiorari with either the Mississippi Supreme Court or the United States Supreme Court. As such, his conviction became final when the time expired for him to seek such review, which was October 5, 1999 – fourteen days after his convictions were affirmed. *See* Miss. R. App. P. 40; *see also Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'-when the time for pursuing direct review in this Court, or in state court, expires"). Therefore, absent statutory or equitable tolling, Petitioner's petition for federal habeas relief was due on or before October 5, 2000, to be deemed timely.

Petitioner's first post-conviction filing did not occur until August of 2007. Inasmuch as Petitioner did not seek post-conviction relief in State court until well after the expiration of the one-year deadline prescribed by the AEDPA, he is not entitled to statutory tolling for the period of time that his post-conviction application was pending. *See* 28 U.S.C. § 2244(d)(2) (tolling the

3

federal statute of limitations while a "properly filed" application is pending). Therefore, federal habeas relief is available to him only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

Petitioner appears to argue the instant petition should not be found time-barred because his trial counsel was ineffective. He notes that his counsel failed to file a motion for rehearing following the denial of his appeal, which stopped the appeal process. Petitioner's argument does not, however, provide a justification for why Petitioner failed to timely file for post-conviction relief. While equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights," there is no reasonable basis in the record to conclude that either circumstance is applicable to Petitioner's delay. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted).

Petitioner's federal habeas petition was "filed" on or about May 18, 2013, which is the date of the postage stamp affixed to the mailing envelope. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). The instant petition was filed over twelve years after the October 5, 2000, AEDPA deadline. Accordingly, the instant petition will be dismissed as untimely.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to Petitioner. A petitioner must obtain a COA before appealing a district court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). A COA may only issue if a petitioner has made a

4

substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims are denied on the merits, the petitioner may obtain a COA only by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a petition is rejected on procedural grounds, without an assessment of the underlying constitutional claims, a COA will issue only where the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

The Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" and **DISMISSES** with prejudice the petition filed in this cause. For the reasons set forth in this opinion and order, the Court further **ORDERS** that a certificate of appealability be denied, as Petitioner failed to show his petition timely and to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**SO ORDERED** this the 26th day of August, 2013.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**